DAVID A. HUBBERT
Deputy Assistant Attorney General

E. CARMEN RAMIREZ (Bar No. 975331)
HALSEY DIAKOW (DC Bar No. 90027466)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 616-2885 (Ramirez)
Telephone: (202) 307-2251 (Diakow)
Fax: (202) 307-0054
E.Carmen.Ramirez@usdoj.gov
Halsey.Diakow@usdoj.gov
western.taxcivil@usdoj.gov

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JIMMIE R. COX for himself and as successor in interest to SANDRA COX; YUBA COUNTY, CALIFORNIA,<br><br>Defendants. | No.<br><br>**COMPLAINT TO ENFORCE JUDGMENT AND FEDERAL TAX LIENS ON REAL PROPERTY** |

The United States of America, by and through undersigned counsel, hereby complains and alleges as follows:

**INTRODUCTION**

1. This is a civil action brought by the United States to: (a) foreclose a judgment lien against real property located in this judicial district (the "Yuba County Property"); and (b) foreclose federal tax liens stemming from unpaid federal tax assessments incurred by Defendant Jimmie R. Cox and his late wife, Sandra Cox.

Complaint to Enforce Judgment and
Federal Tax Liens on Real Property

1

2. The United States previously obtained judgment against Mr. and Mrs. Cox for federal tax liabilities for 1999, 2002, and 2004. *See United States v. Cox et al*, Case No. 2:20-cv-00042-JCM-DJA (D. Nev.) (the "Nevada suit"), Dkt. 13, at 1. That judgment resulted from a suit the United States filed in the District of Nevada because the Coxes resided in that district.

3. Although Mrs. Cox has passed away, Mr. Cox owns property in this district: the Yuba County Property. Liens associated with the tax liabilities and the Nevada judgment for those liabilities attached to the Yuba County Property. The United States thus brings this suit to foreclose these federal tax liens and the judgment lien attached to the Yuba County Property.

**JURISDICTION AND VENUE**

4. This action is commenced pursuant to (1) the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq. ("FDCPA"), and (2) 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States and with the authorization of the Associate Area Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

6. Venue is proper in the District Court for the Eastern District of California in accordance with 28 U.S.C. § 1391 because the real property that is the subject of this suit lies within this judicial district.

**DEFENDANTS**

7. Section 7403(b) of the Internal Revenue Code, 26 U.S.C. § 7403, provides that when the United States seeks to foreclose its tax liens on property, all persons who claim liens or any other interest in the property must be named parties.

8. Jimmie R. Cox is an adult individual who resides in Nevada. He is named as a defendant in this action because he (1) is liable for a judgment entered against him and in favor of the United States in *United States v. Cox et al*, Case No. 2:20-cv-00042-JCM-DJA (D. Nev.); (2) has unpaid federal income tax liabilities and civil penalties giving rise to federal tax liens; and (3) may claim some right, title, or interest in the Yuba County Property for himself and/or as successor in interest to his wife, Sandra Cox, now deceased.

9. Yuba County, California is named as a defendant because it may claim an interest in the real property at issue in this matter by virtue of the Notice of Power to Sell Tax-Defaulted Property recorded with the Yuba County Clerk and Recorder on July 15, 2024. The United States claims no monetary relief against Yuba County.

## THE YUBA COUNTY PROPERTY

10. The Yuba County Property sought to be foreclosed by this action is undeveloped land, legally described as:

> PARCEL 1:
>
> LOT 8, AS SHOWN UPON THAT CERTAIN MAP ENTITLED "TRACT NO. 83-367," FILED IN THE OFFICE OF THE COUNTY RECORDER OF THE COUNTY OF YUBA, STATE OF CALIFORNIA IN BOOK 49 OF MAPS, AT PAGE 47.
>
> PARCEL 2:
>
> THAT CERTAIN 40 FOOT ROAD AND UTILITY EASEMENT AS SHOWN UPON THAT CERTAIN MAP ENTITLED "TRACT NO. 83-367," RECORDED MARCH 1, 1989 IN BOOK 49 OF MAPS, AT PAGE 47, YUBA COUNTY OFFICIAL RECORDS.

11. The Yuba County Property is identified by Assessor's Parcel Number ("APN") 044-120-039-000.

12. Jimmie and Sandra Cox, as joint tenants, purchased the Yuba County Property via Deed in Lieu of Foreclosure on or about August 4, 2011.

# FEDERAL TAX LIABILITIES AND TAX LIENS

13. On the following dates, and in the amounts set forth below, a duly authorized delegate of the Secretary of the Treasury of the United States made timely assessments against Jimmie and Sandra Cox for joint federal income tax ("Form 1040"), penalties and interest as follows:

| Tax Type | Tax Period | Assessment Date | Assessment Amounts[1] | | Outstanding Balance[2] as of Judgment Date |
|---|---|---|---|---|---|
| Form 1040 | 1999 | 12/21/2009 | $4,351.00 | ftp | $150,888.32 |
| | | 12/21/2009 | $1,817.00 | etp | |
| | | 12/21/2009 | $21,941.00 | msc | |
| | | 12/21/2009 | $37,830.00 | ata | |
| | | 12/21/2009 | $48,480.69 | i | |
| | | 10/07/2013 | $15,395.88 | i | |
| | | 10/06/2014 | $3,815.37 | i | |
| | | 10/08/2018 | $20,987.50 | i | |
| Form 1040 | 2002 | 12/21/2009 | $94,506.00 | ftp | $1,215,919.53 |
| | | 12/21/2009 | $219,253.00 | msc | |
| | | 12/21/2009 | $595,087.00 | ata | |
| | | 12/21/2009 | $393,849.72 | i | |
| | | 09/20/2010 | $11,826.00 | etp | |
| | | 10/07/2013 | $84,279.95 | i | |
| | | 10/06/2014 | $28,801.65 | i | |
| | | 10/08/2018 | $158,798.07 | i | |
| Form 1040 | 2004 | 12/21/2009 | $8,223.00 | ftp | $115,862.18 |
| | | 12/21/2009 | $19,077.00 | msc | |
| | | 12/21/2009 | $32,892.00 | ata | |
| | | 12/21/2009 | $18,295.28 | i | |
| | | 09/20/2010 | $943.00 | etp | |
| | | 10/07/2013 | $10,915.72 | i | |
| | | 10/06/2014 | $2,743.68 | i | |
| | | 10/08/2018 | $15,130.18 | i | |

14. Despite timely notice and demand for payment of the assessments set forth in paragraph 13 above, Jimmie and Sandra Cox failed to fully pay the tax assessments against them.

15. The IRS attempted to collect the outstanding liabilities by levying on the Coxes. However, the IRS's collections efforts did not result in full payment. Since the dates of the

---

[1] Key:  **ata** – Additional Tax Assessed; **etp** – Estimated Tax Penalty; **ftp** – Failure to Pay Tax Penalty; **i** – Interest; **msc** – Miscellaneous Penalty

[2] Including accrued but unassessed interest and credit for payments received through December 31, 2019. (*See United States v. Cox et al.*, Case No. 2:20-cv-00042-JCM-DJA (D. Nev.), Dkt. 13 at 1.)

Complaint to Enforce Judgment and
Federal Tax Liens on Real Property

4

assessments described in paragraph 13, interest, penalties, and statutory additions have accrued and will continue to accrue as provided by law.

16. As a result of Jimmie and Sandra Cox's failure to pay the assessed sums after the Internal Revenue Service gave notice and made demand for payment, tax liens arose in favor of the United States upon all property and rights to property belonging to Jimmie and Sandra Cox as of the date of each assessment, including any after-acquired property. *See* 26 U.S.C. §§ 6321 and 6322.

17. The IRS recorded a Notice of Federal Tax Lien ("NFTL") against the Coxes regarding the tax assessments described in paragraph 13 with the Yuba County Clerk and Recorder, as follows:

| Type of Tax | Tax Period | Recording Date(s) | Instrument Number |
|---|---|---|---|
| 1040 | 1999 | | |
| 1040 | 2002 | 10/07/2011 | 2011R-012021 |
| 1040 | 2004 | | |

18. The IRS recorded an NFTL Refile regarding the tax assessments described in paragraph 13 with the Yuba County Clerk and Recorder, as follows:

| Type of Tax | Tax Period | Recording Date(s) | Instrument Number |
|---|---|---|---|
| 1040 | 1999 | | |
| 1040 | 2002 | 05/30/2019 | 2019-006537 |
| 1040 | 2004 | | |

**THE JUDGMENT LIEN**

19. The United States sought judgment against the Coxes for the outstanding federal tax liabilities by filing the Nevada suit.

20. On July 17, 2020, the District of Nevada issued an order entering judgment against Jimmie R. Cox and Sandra Cox, jointly and severally, for unpaid income tax liabilities totaling

$1,482,670.03 plus statutory interest and other additions as may accrue by law minus any payments and credits according to proof.

21. On September 12, 2022, the United States recorded an abstract of judgment, reflecting the judgment in the Nevada suit, in the Official Records of the Yuba County Clerk and Recorder.

### FIRST CLAIM FOR RELIEF:
### TO ENFORCE JUDGMENT LIEN AGAINST REAL PROPERTY

22. The United States incorporates by reference the allegations in paragraphs 1 through 21, as if fully stated herein.

23. Mr. Cox has not satisfied the judgment in the Nevada suit.

24. On September 12, 2022, the United States recorded an abstract of judgment with the Yuba County Clerk and Recorder.

25. Upon filing the abstract of judgment, a judgment lien arose in favor of the United States against all real property of the judgment debtors, Jimmie R. Cox and Sandra Cox, including the Yuba County Property, pursuant to 28 U.S.C. § 3201(a).

26. Under 28 U.S.C. § 3201(b), the United States' judgment lien has priority over any other lien or encumbrance that is perfected later in time.

27. Pursuant to 28 U.S.C. § 3201(f), the United States is entitled to (1) enforce its judgment lien upon the Yuba County Property; (2) have that property sold at a judicial sale or via a receiver, at the United States' option, free and clear of all rights, titles, claims, liens, and interests of the parties to this action; and (3) have the proceeds distributed, after payment of the costs of sale, to the United States and to the defendants in accordance with the Court's findings as to the validity and priority of any other party's liens and claims.

Complaint to Enforce Judgment and
Federal Tax Liens on Real Property

6

**SECOND CLAIM FOR RELIEF:**
**TO FORECLOSE FEDERAL TAX LIENS AGAINST REAL PROPERTY**

28. The United States incorporates by reference the allegations in paragraphs 1 through 27, as if fully stated herein.

29. By virtue of the unpaid federal tax assessments described above, federal tax liens for the unpaid amounts have arisen against the taxpayers, Jimmie and Sandra Cox, pursuant to 26 U.S.C. § 6321.

30. These tax liens have attached to all the taxpayers' property and rights to property, including the Yuba County Property, subject to the priorities provided in 26 U.S.C. § 6323.

31. In addition, or in the alternative, to foreclosing via enforcement of a judicial lien under 28 U.S.C. § 3201, the United States seeks to foreclose on the Yuba County Property under 26 U.S.C. § 7403(b).

32. Pursuant to 26 U.S.C. § 7403, the United States is entitled to foreclose its tax liens on the property and to apply the proceeds from sale to the outstanding tax liabilities described above, in accordance with the Court's findings as to the validity and priority of any other party's liens and claims.

**REQUEST FOR RELIEF**

**WHEREFORE**, the United States respectfully requests that the Court:

A. Determine that the United States has valid and subsisting liens against Jimmie R. Cox by virtue of a judgment in the Nevada suit and unpaid income tax assessments; that those liens have attached to all property and rights to property Mr. Cox may have now and in the future, including the Yuba County Property; and that the United States is entitled to foreclose its judgment and federal tax liens against the Yuba County Property, and to apply the proceeds from the sale to the outstanding tax liabilities described above, in accordance with the Court's findings as to the validity and priority of any other party's liens and claims.

B. Award the United States the ten percent surcharge permitted under the FDCPA, 28 U.S.C. § 2011; and

C. Grant the United States its costs incurred in bringing this action and any other further relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 22, 2025

    DAVID A. HUBBERT
    Deputy Assistant Attorney General

    */s/ E. Carmen Ramirez*
    E. CARMEN RAMIREZ
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 683
    Washington, D.C. 20044
    Telephone: (202) 616-2885
    Fax: (202) 307-0054
    E.Carmen.Ramirez@usdoj.gov

    */s/ Halsey Diakow*
    HALSEY DIAKOW
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 683
    Washington, D.C. 20044
    Telephone: (202) 307-2251
    Fax: (202) 307-0054
    Halsey.Diakow@usdoj.gov